**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 14-4074**

―――――――――――

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

JAMES THOMAS WEBB,

　　　　　Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.　James C. Dever III, Chief District Judge.　(5:12-cr-00301-D-1)

―――――――――――

Submitted:　January 30, 2015　　　　Decided:　February 9, 2015

―――――――――――

Before SHEDD and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

―――――――――――

Dismissed in part; affirmed in part by unpublished per curiam opinion.

―――――――――――

Anne M. Hayes, Cary, North Carolina, for Appellant.　Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Thomas Webb seeks to appeal his conviction and sentence after pleading guilty to conspiracy to commit bank fraud and wire fraud. The district court sentenced Webb at the high end of his advisory Guidelines range to 327 months in prison, five years of supervised release, and restitution. Webb's attorney has filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but raising the issues of whether Webb's appeal waiver is enforceable, and whether the Government breached the plea agreement. Webb has filed a pro se supplemental brief arguing that the Government breached the plea agreement, the district court erred in calculating his Guidelines range, and the Government failed to provide timely and complete discovery. The Government has moved to dismiss the appeal based on the appeal waiver. We grant the Government's motion to dismiss the appeal in part, and we affirm the district court's judgment.

"Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain." United States v. Blick, 408 F.3d 162, 173 (4th Cir. 2005) (citation and internal quotations omitted). "A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." United States v. Davis, 689 F.3d 349, 354 (4th Cir. 2012) (citing United States v. Marin, 961 F.2d

2

493, 496 (4th Cir. 1992)).  We review the validity of an appeal waiver de novo, and we "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver."  Id. at 354-55 (citing Blick, 408 F.3d at 168).

We have reviewed the plea agreement and the Fed. R. Crim. P. 11 hearing, and we conclude that Webb's appeal waiver was knowing and voluntary.  On appeal, Webb contends that the Government breached the plea agreement at sentencing and that this issue falls outside the scope of the waiver.  Moreover, he contends that "the appeal waiver should not be enforced because its application is conditioned on the district court's imposition of a sentence within the sentencing guidelines range, and the district court made remarks indicating that it chose the 327-month sentence without relying on the applicable range."

"A defendant's waiver of appellate rights cannot foreclose an argument that the government breached the plea agreement."  United States v. Dawson, 587 F.3d 640, 644 n.4 (4th Cir. 2009) (citing United States v. Cohen, 459 F.3d 490, 495 (4th Cir. 2006)).  Moreover, "we will not enforce an otherwise valid appeal waiver against a defendant if the government breached the plea agreement containing that waiver."  Cohen, 459 F.3d at 495 (citing Blick, 408 F.3d at 168); see also United States v. Lewis, 633 F.3d 262, 271 n.8 (4th Cir. 2011) (citing Dawson, 587 F.3d at 644 n.4; Cohen, 459 F.3d at 495).  However,

3

where a defendant alleges a breach by the Government but "the record in [the] case does not support [the defendant's] claim," we "will not invalidate [the defendant's] appeal waiver based on [the unsupported] allegations." Cohen, 459 F.3d at 495.

Based on our review of the record, we conclude that Webb's claim that the Government breached the plea agreement is not supported by the record. Moreover, we conclude that Webb's appeal waiver is valid and enforceable. While a valid appeal waiver does not always preclude a defendant from challenging certain errors, Webb has not raised any such errors. See United States v. Copeland, 707 F.3d 522, 530 (4th Cir. 2013); United States v. Thornsbury, 670 F.3d 532, 539 (4th Cir. 2012).

Because the sentencing issue Webb seeks to raise on appeal falls within the scope of the waiver, we dismiss the appeal as to that claim. As for Webb's claim that the Government failed to provide timely and complete discovery, we conclude that this claim is unsupported by the record and without merit. Moreover, in accordance with Anders, we have reviewed the record for any potentially meritorious issues that might fall outside the scope of the waiver and have found none.

Accordingly, we grant the Government's motion to dismiss the appeal in part, deny Webb's motion to transmit sentencing exhibits as moot, and affirm the district court's judgment. This court requires that counsel inform his or her

4

client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART